IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DEMETRIUS NELSON | § | |
| VS. | § | CIVIL ACTION NO. 9:21cv256 |
| JOSEPH B. FOXWORTH | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Demetrius Nelson, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Joseph B. Foxworth. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff asserts claims of excessive use of force and failure to protect. The defendant has filed a motion asserting the failure to protect claim should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The defendant also asserts that any claim against him in his official capacity, as well as plaintiff's request for injunctive relief and state law claims, should dismissed.

Factual Allegations

On December 11, 2019, plaintiff was incarcerated at the Lewis Unit. He states that around 1:00 p.m., Officer Andrea Haynes was feeding G4 offenders in the dining room. Plaintiff describes G4 offenders as being inmates who were demoted in classification status because of bad behavior. He states that on December 11, he was a G2 inmate as a result of his good behavior. On that date, plaintiff's job title was line server, serving food to inmates in the dining room.

Plaintiff states that as he and Officer Haynes were performing their jobs, an inmate named Caleb Swafford tried to come through the serving line for a second time. Officer Haynes refused to feed Mr. Swafford for a second time and ordered him to leave the serving line.

Mr. Swafford then threw a food tray, which hit plaintiff in the face. At that point, Officer Haynes called out to the defendant, telling him to remove Mr. Swafford from the dining room because he had thrown a tray and was attempting to eat for the second time. Plaintiff states the defendant ignored the request by Officer Haynes, but instead "visually supervised Mr. Swafford's every move."

Following these events, the defendant watched Mr. Swafford leave the serving line to retrieve one of the blue cups inmates use for drinks. Plaintiff alleges Mr. Swafford came back to the serving line and assaulted plaintiff by hitting him in the head with the cup. Mr. Swafford then grabbed one of the utility scrub brooms that was close to him. Plaintiff states scrub brooms should not have been in the vicinity of G4 offenders.

Planitff asserts Mr. Swafford attempted to assault him with the scrub broom. Instead of attempting to protect plaintiff, the defendant merely watched. Plaintiff states he was able to grab the scrub broom to keep from being assaulted again. However, he was dragged to the serving line by Mr. Swafford.

At this point, Officer Haynes shouted to the defendant for assistance. Plaintiff states he feared for his life, took the scrub broom from Mr. Swafford and struck Mr. Swafford in self defense. The defendant then used pepper spray against plaintiff. He also slammed plaintiff to the floor and placed his knee in plaintiff's back. Plaintiff alleges the defendant placed him in handcuffs, told plaintiff that he should not have used a weapon and struck plaintiff in the side of his head. When asked by other staff members why he had used pepper spray, the defendant stated it was because plaintiff did not fight fair.

## The Motion to Dismiss

Initially, the defendant asserts that to the extent he is sued for damages in his official capacity, he is entitled to immunity under the Eleventh Amendment. Plaintiff also seeks injunctive relief in the form of an order directing the defendant or his supervising assistant warden to expunge the disciplinary case filed against plaintiff. The defendant states this request should be dismissed

because he is unable to grant plaintiff the relief sought. To the extent plaintiff asserts claims under the Texas Tort Claims Act, the defendant asserts these claims should be dismissed because they are barred by Section 101.106(f) of the Texas Civil Practice and Remedies Code. Finally, to the extent he is sued for damages in his individual capacity, the defendant asserts the defense of qualified immunity.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but a plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. A plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

*Eleventh Amendment Immunity*

"The Eleventh Amendment prohibits a private citizen from bring suit against a state in federal court unless the state consents." *Daigle v. Gulf States Utils. Co., Loc. Union No. 2286*, 794 F.2d 974, 980 (5th Cir. 1986). Eleventh Amendment immunity extends to suits for monetary

damages against state officials in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Federal claims against state officials in their official capacities are the equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).

Based on the authorities cited above, the defendant is entitled to immunity under the Eleventh Amendment for claims for money damages against him in his official capacity. This court therefore lacks subject-matter jurisdiction over any official capacity claim for money damages.

*Request for Injunctive Relief*

Plaintiff seeks injunctive relief in the form of an order directing that his disciplinary case be expunged. A plaintiff does not have standing to pursue injunctive relief when the named defendant does not have the authority to provide the relief sought. *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013). There is no indication the defendant has the authority to expunge plaintiff's disciplinary case. As a result, the request for injunctive relief should be dismissed.

*Texas Tort Claims Act*

Plaintiff asserts state law claims of negligence and assault and battery. The defendant asserts these claims are barred by the Texas Tort Claims Act.

Section 101.106(f) of the Texas Civil Practice and Remedies Code provides as follows:

> If a suit is filed against an employee of a governmental unit based upon conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in his official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff filed amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Here, plaintiff brings claims against an employee of governmental unit based upon conduct within the general scope of his employment with the State of Texas. The claims could have been asserted against the governmental unit. Plaintiff has not attempted to amend his pleadings. As a result, plaintiff's state law claims should be dismissed in accordance with Section 101.106(f).

*Failure to Protect Claims*

A. <u>Qualified Immunity</u>

As stated above, plaintiff asserts a failure to protect claim. To the extent plaintiff seeks money damages, the defendant asserts the defense of qualified immunity. The doctrine of qualified immunity affords protection to officials against individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Evaluating qualified immunity is a two-step process, with the plaintiff bearing the burden of showing that the defendant is not entitled to immunity. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). First, the court must determine whether a plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736. Then, if a constitutional right was violated, the court must determine whether the right was clearly established at the time of the violation. *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). A specific right is clearly established only if its contours "are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir. 2000).

B. <u>Legal Standard</u>

Plaintiff alleges the defendant failed to protect him from being assaulted by Mr. Swafford. Prison officials have a duty under the Eighth Amendment to protect prisoners from other inmates, but not all inmate-on-inmate violence rises to the level of a constitutional violation. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). An Eighth Amendment claim consists of two components-one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 839 (1994). To satisfy the objective component, a plaintiff must prove that he was exposed to a substantial risk of serious harm. *Id.* at 834; *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). A plaintiff must also demonstrate that the defendant was deliberately indifferent to that risk. *Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry. The plaintiff must establish that the defendant was aware of an excessive risk fo plaintiff's safety, and yet

5

consciously disregarded the risk. *Farmer*, 511 U.S. at 840-41; *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002). A factor to consider is the amount of time the defendant had "within which to appreciate the risk of harm and to draw an inference regarding the nature of the risk . . . ." *Williams v. Hampton*, 797 F.3d 276, 289 (5th Cir. 2015). However, the Constitution does not require unarmed officials to endanger their own safety in order to protect a prisoner threatened with physical violence. *Longoria v. Texas*, 473 F.3d 586, 593-94 (5th Cir. 2006).

    C. <u>Application</u>

Plaintiff's failure to protect claim has two aspects: (1) the defendant's failure to protect plaintiff from being hit by a tray and with a cup and (2) the defendant's failure to protect plaintiff from being assaulted with a scrub broom. For the reasons set forth below, neither aspect of this claim states a claim upon which relief may be granted.

With respect to the first aspect, plaintiff states that after Officer Haynes ordered Mr. Swafford to leave the serving line, he threw a tray which hit plaintiff in the face. Officer Haynes then asked the defendant to remove Mr. Swafford from the dining room. Plaintiff states that while the defendant did not remove Mr. Swafford from the room, he began to visually supervise Mr. Swafford's every move. Mr. Swafford then left the serving line to obtain a blue cup. When he returned to the serving line, he hit plaintiff in the head with the cup.

Plaintiff's allegations fail to show the defendant had any reason to suspect Mr. Swafford was going to throw a tray at plaintiff. Further, while the defendant then began to watch Mr, Swafford, the allegations show the defendant had very little time to react after Mr. Swafford picked up the cup. As a result, it cannot be concluded that, with respect to the first aspect of this claim, the defendant had sufficient time to realize plaintiff was subject to a substantial risk of serious harm.

The second aspect of the claim involves Mr. Swafford using a utility scrub broom to assault plaintiff. Plaintiff indicates Mr. Swafford grabbed the scrub broom right after he hit plaintiff in the head with a cup. Plaintiff states he was able to wrestle the scrub broom away from Mr. Swafford.

Again, it appears very little time elapsed between when Mr. Swafford grabbed the scrub broom and when plaintiff wrestled it away from him. Given the amount of time the defendant had to react, plaintiff's allegations fail to show the defendant had sufficient time to draw the inference that plaintiff was subject to a substantial risk of serious harm.

Plaintiff's allegations regarding his failure to protect claim fail to show the defendant was deliberately indifferent. As the allegations therefore fail to demonstrate a constitutional violation, the defendant is entitled to qualified immunity.

## Recommendation

The motion to dismiss should be granted. The following portions of this lawsuit should be dismissed: (1) the failure to protect claim; (2) all official capacity claims; (3) plaintiff's request for injunctive relief and (4) plaintiff's state law claims.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 26th day of February, 2024.

_____
Zack Hawthorn
United States Magistrate Judge